**David VAZQUEZ, Individually and on behalf of all others similarly situated, Plaintiffs,**

**Asociacion de Trabajadores Agricolas de Puerto Rico et al., Intervenors,**

v.

**Luis A. FERRE, Individually and in his capacity as Governor of the Commonwealth of Puerto Rico, and his successor in office, et al., Defendants.**

Civ. No. 2023–72.

United States District Court, D. New Jersey.

April 8, 1976.

Herbert Teitelbaum, Manuel Del Valle, Puerto Rican Legal Defense and Education Fund, Inc., New York City, Michael S. Berger, Camden Regional Legal Services, Inc., Bridgeton, N. J., for plaintiffs.

David M. Sheehan, Amherst, Mass., D. Ellen Stimler, Moorestown, N. J., for intervenors.

I. Leo Motiuk, Deputy Atty. Gen. for the State of New Jersey, Trenton, N. J., for defendants Heymann and the New Jersey Dept. of Labor and Industry.

Norman L. Cantor, Newark, N. J., George A. Davidson, Hughes, Hubbard & Reed, New York City, for defendants Ferre, Rivera de Vincenti, Lugo, their

successors in office, and the Dept. of Labor of the Commonwealth of Puerto Rico.

## OPINION

COHEN, Senior District Judge:

Plaintiffs and intervenors have filed a motion, pursuant to Fed.R.Civ.P. 54(b), seeking the entry of final judgment as to certain claims adjudicated by this court in its decision of November 19, 1975, 404 F.Supp. 815. That opinion, which contains a recitation of the facts, granted partial summary judgment to the commonwealth defendants. Plaintiffs have submitted an order certifying that there is no just reason for delay and directing the entry of final judgment as to so much of the court's opinion which: (1) determined the commonwealth defendants' duties under the Wagner-Peyser Act, 29 U.S.C. §§ 49 *et seq.;* (2) dismissed the complaint against the Department of Labor of the Commonwealth of Puerto Rico; (3) declined to exercise pendent jurisdiction over the claims based upon violation of Puerto Rican law. For the reasons discussed below the motion will be denied.

Since fewer than all the claims in this action were adjudicated on summary judgment, the resulting order will be appealable as a final decision under 28 U.S.C. § 1291 only if it includes an express direction for the entry of final judgment as to those claims pursuant to Fed.R.Civ.P. 54(b). *See Liberty Mutual Ins. Co. v. Wetzel,* —— U.S. ——, ——, 96 S.Ct. 1202, 1205, 47 L.Ed.2d 435, 436, 44 LW 4350, 4352 (1976). Rule 54(b) reads as follows:

> (b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to, any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Court of Appeals for the Third Circuit stated in *Panichella v. Pennsylvania R. R. Co.,* 252 F.2d 452 (3d Cir. 1958), that:

> 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only "in the infrequent harsh case" as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule.

*Id.* at 455. Recently, in *Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F.2d 360 (3d Cir. 1975), the court reiterated the "over-all policy against piecemeal appeals" and held that when district courts certify a partial judgment as final pursuant to Rule 54(b), they must articulate the factors upon which they rely.

Plaintiffs argue that an immediate appeal is necessary to avoid a piecemeal trial of the case. It is always true, however, that a second trial may be required if a district court is ultimately reversed on issues which were decided before trial on summary judgment. Plaintiffs also point out that if immediate appeal is denied, they will be deprived of discovery on the issues which have been removed from the case by summary judgment. Yet the very function of summary judgment is to eliminate issues upon which there is no genuine issue of material fact. Fed.R.Civ.P. 56; 10

Wright & Miller, *Federal Practice and Procedure* § 2712. Thus, discovery on these issues is precluded by the relevancy requirement of Fed.R.Civ.P. 26. Nor does the existence of a novel question make this an "infrequent harsh case." Plaintiffs have shown no hardship or injustice which would be alleviated by immediate appeal.

Moreover, there are factors discussed in *Allis-Chalmers, supra,* which militate against a Rule 54(b) certification in this case. The court there listed the following factors to be considered before certifying a judgment as final under Rule 54(b):

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. (citations omitted).

Id. at 364. There is a close relationship between the adjudicated and the unadjudicated claims which are based upon the Wagner-Peyser Act, 29 U.S.C. §§ 49 *et seq.* Judicial economy would best be served if the court of appeals were to hear these claims at the same time. In addition, the issues plaintiffs seek to appeal may become moot if it is determined on the merits that the New Jersey farms in question did meet the applicable standards. Immediate appeal of these issues will only further delay this action which was originally filed in 1972.

Therefore, the motion will be denied and an appropriate order will be entered.