Lorraine C. CULLEN et al.,
Plaintiffs-Appellants,

v.

Joseph P. MARGIOTTA, Jr., et al.,
Defendants-Appellees.

No. 377, Docket 79–7362.

United States Court of Appeals,
Second Circuit.

Argued Dec. 17, 1979.

Decided March 25, 1980.

Burt Neuborne and James H. Stark, New York City, for plaintiffs-appellants.

William S. Norden, Bureau Chief, Bureau of Law & Appeals, Mineola, N. Y. (Edward G. McCabe, County Atty., of Nassau County, Mineola, N. Y., of counsel), for Nassau County, defendants-appellees.

Ruth C. Balkin, Mineola, N. Y. (John Joseph Sutter, Mineola, N. Y., of counsel), for Krause, Woolnough, Livingston, Landman, Haff, Udell, McMullen, Hansen, Cosenza and Phears, defendants-appellees.

Daniel R. McCarthy, Deputy Town Atty., Hempstead, N. Y. (W. Kenneth Chave, Jr., Town Atty., Town of Hempstead, Hempstead, N. Y., of counsel), for Town of Hempstead, appellees.

Before KAUFMAN, Chief Judge, SMITH* and TIMBERS, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Eastern District of New York, Jacob Mishler, Chief Judge, dismissing four of plaintiffs' six causes of action. We hold that certification of the order as a final judgment under Fed.R.Civ.P. 54(b) was improper and dismiss the appeal for lack of jurisdiction.

This appeal arises from a class action brought by employees of Nassau County and its municipalities against the county, the Town of Hempstead, the Republican Committees of Nassau County and Hempstead, and various government and Republican Party officials of the county and the town. Plaintiffs contend that since 1971, defendants have routinely extorted political contributions to the Republican Party as a condition of employment or promotion in civil service jobs.

Plaintiffs assert causes of action under the first and fourteenth amendments to the Constitution; the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985(3); the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq.; and N.Y.Civil Service Law § 107. They seek $8.65 million in alleged damages [1] as well as declaratory and injunctive relief.

Judge Mishler dismissed all of plaintiffs' causes of action except those based on 42 U.S.C. §§ 1983 and 1985(3). The judge ruled that Turpin v. Mailet, 591 F.2d 426 (2d Cir. 1979) (en banc), precluded a direct cause of action under the first amendment when relief was available under 42 U.S.C. § 1983. He dismissed the RICO claim on the ground that plaintiffs had failed to allege a sufficient connection between the challenged activities and interstate commerce.[2] Finally, he declined to exercise pendent jurisdiction over the claim based on N.Y.Civil Service Law § 107 because he deemed it "both unwise and unnecessary to decide the novel issue" of the availability of a private right of action under the state statute. Cullen v. Margiotta, No. 76–C–2247, slip op. at 34 (E.D.N.Y. April 30, 1979). The judge certified the order of dismissal as a final judgment under Fed.R. Civ.P. 54(b).

On appeal, plaintiffs raise a number of intriguing and important legal questions. We conclude, however, that we are without jurisdiction to consider these questions be-

---

* Pursuant to § 0.14 of the Rules of this Court, this appeal is being determined by Chief Judge Kaufman and Judge Timbers. Judge Smith read the briefs in this case, heard oral argument, and voted before his death on February 16, 1980, to dispose of the case in the manner set forth in this opinion. He was unable to concur in the written opinion since it was drafted after his death.

1. Plaintiffs seek $2,800,000 allegedly collected from them in coerced political contributions since 1971, three times that amount pursuant to RICO's treble damages provision, 18 U.S.C. § 1964(c), and $250,000 in punitive damages from defendant Joseph P. Margiotta, Jr., chairman of the Nassau County and Hempstead Republican Committees.

2. Plaintiffs contend that defendants violated RICO by engaging in "racketeering activity" in the operation of the Nassau County Republican Party. They assert that the defendants' conduct constituted "racketeering activity" within the meaning of the act, 18 U.S.C. § 1961(1)(A) and (B), because it was indictable as extortion under the Hobbs Act, 18 U.S.C. § 1951. The Hobbs Act prohibits only extortionate activity which "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). Plaintiffs attempt to meet this requirement by alleging that the defendants used the proceeds of the alleged extortion in interstate commerce. The district court rejected this theory, ruling that § 1951 encompasses only extortionate activity in which the victim of the extortion, not the perpetrator, engaged in interstate commerce. Chief Judge Mishler did not, however, consider whether a pervasive pattern of extortion, in the aggregate, would have the requisite impact on interstate commerce. See United States v. Staszcuk, 517 F.2d 53, 60 (7th Cir.) (en banc), cert. denied, 423 U.S. 837, 96 S.Ct. 65, 46 L.Ed.2d 56 (1975).

cause the district court's decision to grant Rule 54(b) certification was an abuse of discretion. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956); *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978); *Arlinghaus v. Ritenour*, 543 F.2d 461, 464 (2d Cir. 1976).

Rule 54(b) empowers district courts to enter final judgment on some but not all of the claims in a multiple claim action "only upon an express determination that there is no just reason for delay." Here the decision to enter final judgment was accompanied only by the conclusory assertion that there was "no just reason for delay." *Cullen, supra*, slip op. at 46. We have strongly urged that in making the "express determination" required under Rule 54(b), district courts should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation. *Arlinghaus, supra*, 543 F.2d at 464; *Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 286 (2d Cir. 1974); *Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 275 (2d Cir. 1968); *see also Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir. 1975).

■ Our concern that district courts justify 54(b) certification with more than conclusory language stems from a general policy disfavoring piecemeal appeals. We have repeatedly endorsed the Third Circuit's declaration that "54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' . . . ." *Panichella v. Pennsylvania R. R.*, 252 F.2d 452, 455 (3d Cir. 1958), *quoted in Brunswick Corp., supra*, 582 F.2d at 183; *Arlinghaus, supra*, 543 F.2d at 463–64; *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir. 1968); and *Luckenbach Steamship Co. v. H. Muehlstein & Co.*, 280 F.2d 755, 758 (2d Cir. 1960). Certification should be granted only if there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Brunswick Corp., supra*, 582 F.2d 183, *quoting Campbell, supra*, 403 F.2d at 942.

■ We find nothing in the present case that warrants certification of the challenged order for immediate appeal. Postponement of appeal until the remaining claims have been adjudicated presents no danger of prejudice, hardship or injustice to any party. Judicial economy will best be served by delaying appeal until all issues can be confronted by this court in a unified package. Such a course is particularly desirable where, as here, the adjudicated and pending claims are closely related and stem from essentially the same factual allegations. Further proceedings on the pending causes of action will illuminate appellate review of the other claims. Indeed, several questions involved in this appeal may turn on, or be rendered moot by, the district court's resolution of issues still pending before it.[3] *See generally Brunswick Corp.*,

---

**3.** The validity of plaintiffs' first amendment cause of action, for example, may well hinge on the district court's determination of the appropriate statute of limitations for § 1983 suits brought in New York. In *Turpin v. Mailet*, 591 F.2d 426 (2d Cir. 1979) (*en banc*), we held that plaintiffs could not maintain a cause of action directly under the fourteenth amendment when relief was available under § 1983. Plaintiffs urge that the availability of the § 1983 action should not bar their direct constitutional claim because the latter may have a longer statute of limitations, in which case the opportunities for relief would not be "essentially coextensive." *Turpin, supra*, 591 F.2d at 427. Plaintiffs acknowledge that their argument will be rendered moot if the district court determines that the § 1983 claim is governed by a period of limita-

tions as long or longer than that governing claims brought directly under the Constitution. *See Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 449 n.6 (2d Cir. 1980). Judge Mishler has expressly reserved judgment on this question. In the interest of avoiding unnecessary appellate decisions, it is clearly preferable in these circumstances to postpone consideration of the constitutional claim until the district court has ruled on the applicable statute of limitations for § 1983.

Moreover, the claims under the first amendment and § 1983 involve the same substantive complaint, *viz.*, that defendants' activities violated plaintiffs' first amendment rights. If, on adjudication of the § 1983 claim, it is deter-

*supra,* 582 F.2d at 183–85; *Arlinghaus, supra,* 543 F.2d at 464; *Western Geophysical Co. of America, Inc. v. Bolt Associates, Inc.,* 463 F.2d 101, 102 (2d Cir.), *cert. denied,* 409 U.S. 1040, 93 S.Ct. 523, 34 L.Ed.2d 489 (1972); *Vazquez v. Ferre,* 410 F.Supp. 1385, 1387 (D.N.J.1976).

Appeal dismissed.

mined that defendants did not deprive plaintiffs' of first amendment rights, then the appeal from the first amendment claim would be rendered meritless as well.