**CHURCH OF SCIENTOLOGY OF CALIFORNIA and Founding Church of Scientology of Washington, D. C., Plaintiffs,**

v.

**James SIEGELMAN, Flo Conway, J. B. Lippincott Company and Morris Deutsch, Defendants.**

**No. 79 Civ. 1166 (GLG).**

United States District Court, S. D. New York.

May 30, 1980.

See also, D.C., 471 F.Supp. 950 and D.C., 481 F.Supp. 866.

Cohn, Glickstein, Lurie, Lubell & Lubell, New York City, for plaintiffs; Jonathan W. Lubell, New York City, of counsel.

Clark, Wulf, Levine & Peratis, New York City, for defendants, Siegelman and Conway; Melvin L. Wulf, New York City, of counsel.

Lester, Schwab, Katz & Dwyer, New York City, for defendant, Lippincott; Patrick A. Lyons, New York City, of counsel.

Rosner & Rosner, New York City, for defendant, Deutsch; Jonathan L. Rosner, New York City, of counsel.

## OPINION

GOETTEL, District Judge:

At a hearing held on this matter on May 13, 1980, this Court indicated, for reasons stated on the record, its intention to dismiss the plaintiffs' complaint in view of their refusal to make discovery. There remained, however, the question as to whether a Rule 54(b) certification should be issued as to the claims dismissed, and whether attorneys' fees and additional costs should be assessed. Before these matters could be determined, it was discovered that the attorney who had been appearing on behalf of plaintiff was not admitted to practice in this court. The matter could not, therefore, proceed, and attorneys of record were given additional time in which to submit papers. The following is the Court's decision with respect to the unresolved issues.

### Rule 54(b) Certification

With the dismissal of the claims asserted against defendant Deutsch the Court has now dismissed all of the plaintiffs' claims. (Previously, the Court had, on the merits, dismissed as against all of the other defendants. *Church of Scientology of California v. Siegelman*, 475 F.Supp. 950 (S.D.N.Y. 1979)). Additionally, most of the counterclaims asserted by the individual defendants have also been dismissed. As to each of the individual defendants, however, a counterclaim for *prima facie* tort remains. Nevertheless, this Court expressly determines that despite these remaining counterclaims no just reason for delay exists, and hereby directs the Clerk, pursuant to Fed.R. Civ.P. 54(b), to enter judgment in favor of defendant Deutsch. In light of the ruling of the Second Circuit in *Cullen v. Margiotta*, 618 F.2d 226 (2d Cir. 1980), the following brief and reasoned explanation for certifying the entry of judgment is offered.

The remaining counterclaims for *prima facie* tort are, at least technically, not premature, as at least some of the acts alleged therein purportedly occurred prior to the commencement of the instant action. These claims, however, are, in essence, ones for malicious prosecution, with some additions. As this Court indicated in its earlier opinion, a claim essentially arising in malicious prosecution should not be commenced until there has been a favorable termination of the underlying litigation. *Church of Scientology of California v. Siegelman, supra.* Consequently, the Court would have been inclined, had a motion been made, to have entertained a stay of each counterclaim until the plaintiffs' action had been

determined on the merits. That being so, there is no reason for delaying entry of judgment disposing of plaintiffs' case. The judgment should include all discovery and special costs assessed against plaintiff, as well as the usual costs upon entry of judgment.

An additional reason for certifying judgment is that the question concerning discovery will arise again in the prosecution of the counterclaims. Although the considerations concerning the need for the discovery will not be identical as to the counterclaims, the reasons for opposing the discovery by the Church of Scientology can be expected to be the same. And, while it is relatively easy to deal with a plaintiffs' refusal to make discovery, by giving them the alternative of either complying with the discovery demand or having their case dismissed, it is quite difficult to find a suitable remedy when it is a defendant on counterclaim who is resisting discovery. The discovery involved relates not only to liability, but also to the amount of damages. As a result, it would be quite difficult to structure any sanction adequately disposing of the problem. That being the case, it is highly desirable to obtain appellate review of this Court's earlier rulings on discovery for guidance before proceeding further. *Curtiss-Wright Corporation v. General Electric Company,* —— U.S. ——, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

### Attorneys' Fees and Costs

A claim for attorneys' fees can only be granted when there is "clear evidence" that the claims are entirely without basis and asserted for purposes of harassment. While the actions of plaintiffs to date definitely suggest that this may be the case, this Court has held no hearings on the merits of the case, and as a result is not in a position to make a reasoned determination of the facts. This action is being dismissed on legal grounds. Additionally, the defendants in their counterclaims will undoubtedly seek as damages the cost of defending the original suit. Under these circumstances, it is inappropriate at this time to assess attorneys' fees. *Nemeroff v. Abelson,* 620 F.2d 339 (2d Cir. 1980).

This Court is, however, authorized under Rule 37, Fed.R.Civ.P., to impose costs and fees where a party fails to comply with discovery requests. (There have been prior assessments against the plaintiffs.) During the course of the eight motions made by plaintiffs it was stated that if there was a final direction to make discovery the plaintiff would do so. However, when all avenues had been exhausted (and re-exhausted), including an application for an interim appeal, plaintiff announced that it would not make the discovery under any circumstance. Much needless and protracted time and expense was involved in reaching this position. Consequently, an additional $2,000 in costs is hereby assessed against the plaintiff, to be paid by plaintiffs' counsel. 28 U.S.C. § 1927. Finally, the defendant, in billing its costs upon entry of judgment, may seek to recover all expenses involved in the taking of depositions (except attorneys' fees) since such were unnecessary in light of the plaintiffs' ultimate position as to discovery.

### Conclusion

The action against defendant Deutsch is hereby dismissed. The Clerk is directed to enter judgment in accordance herewith pursuant to Fed.R.Civ.P. 54(b).

SO ORDERED.