**EL–MARZOUKI ESTABLISHMENT, et al., Plaintiffs,**

v.

**ENVIRONMENTAL RESEARCH & DEVELOPMENT, INC., et al., Defendants.**

**No. 80 Civ. 0945 (WK).**

United States District Court, S. D. New York.

March 24, 1982.

Randall B. Chapnick, Rock & Rock, New York City, for plaintiffs.

David Storper, New York City, for defendant AIT Forwarding Co.

Myron Vogel, Kanter, Haber & Vogel, Plainview, N. Y., for all other defendants.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

On November 18, 1981 we granted summary judgment in favor of defendant AIT Forwarding Co. (AIT). This defendant now moves for an order directing the immediate entry of final judgment in its favor pursuant to Fed.R.Civ.P. 54(b).

 It is altogether understandable that AIT should wish to extricate itself from these proceedings and have "its nonliability in this case . . . finally determined and put to bed." Affidavit in support of AIT's motion, at 2. We are mindful, however, that in this Circuit the power of the Court to grant a 54(b) certificate is to be reserved for those rare cases where there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Brunswick Corp. v. Sheridan*, (2d Cir. 1978) 582 F.2d 175, 183, *quoting Campbell v. Westmoreland Farm, Inc.* (2d Cir. 1968) 403 F.2d 939, 942. *See also Arlinghaus v. Ritenour*, (2d Cir. 1976) 543 F.2d 461, 464 n.1; *Schwartz v. Compagnie General Transatlantique* (2d Cir. 1968) 405 F.2d 270, 274–75. Certification is certainly not to be granted "routinely or as a courtesy or accommodation to counsel." *Panichella v. Pennsylvania R.R.* (3d Cir. 1958) 252 F.2d 452, 455, *quoted in Brunswick Corp., supra*, 582 F.2d at 183; *Schwartz, supra*, 405 F.2d at 274. Inconvenient as it may be to AIT and its counsel, the mere "postponement of [plaintiffs'] appeal until the remaining claims have been adjudicated presents no danger of preju-

dice, hardship or injustice to any party." *Cullen v. Margiotta* (2d Cir. 1980) 618 F.2d 226, 228. Judicial economy will best be served by appealing all claims—including the one already decided in AIT's favor—in one package, especially where, as here, they all stem fron one set of transactions. *Cf. Cullen, supra*, 618 F.2d at 228.[1]

Accordingly, and in the exercise of the Court's discretion, *Sears Roebuck & Co. v. Mackey* (1956) 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297; *Brunswick Corp., supra*, 582 F.2d at 183, we deny defendant AIT's motion pursuant to Fed.R.Civ.P. 54(b) for the entry of immediate judgment.

SO ORDERED.

---

1. AIT refers us to *Schwartz v. Compagnie General Transatlantique* (2d Cir. 1968) 405 F.2d 270 for the proposition that a 54(b) certificate should issue where dismissal of a claim entirely eliminates one of the parties from the case—the procedural posture here. This would limit the application of the oft-repeated admonitions about the issuance of 54(b) certificates to those cases where partial judgment disposes only of

some claims. *Schwartz* cannot be so read: there the Court merely found that it was not an *abuse of discretion* for the trial court to issue a 54(b) certificate where one of the parties had been completely eliminated from the action; it surely does not compel the entry of immediate judgment in every such case. *Schwartz, supra*, 405 F.2d at 274–75.