The UNITED BANK OF KUWAIT PLC, Plaintiff,

v.

ENVENTURE ENERGY ENHANCED OIL RECOVERY ASSOCIATES—CHARCO REDONDO BUTANE; Enventure Energy, Inc.; Joseph W. Hill; John P. Burke; Kenco Industries, Inc. d/b/a Energy Materials, Inc.; Frederick J. Hughes; Courtland R. Lavallee; William G. Netols; Donald W. Yates; Michael D. Reed; Robert E. Rogers; Frank J. Burke; Bridgett K. Davis, M.D.; Norman Deane, M.D.; Cohen & Silverman, a New York Partnership; and Hodgson, Russ, Andrews, Woods & Goodyear, Defendants.

HODGSON, RUSS, ANDREWS, WOODS & GOODYEAR, Defendant and Third–Party Plaintiff,

v.

LEBOEUF, LAMB, LEIBY & MACRAE, Third–Party Defendant.

No. 86 Civ. 4214 (JMC).

United States District Court, S.D. New York.

July 13, 1990.

**730**

Damon & Morey, Buffalo, N.Y. by Michelle C. Lombardo, Olwine, Connelly, Chase O'Donnell & Weyher, New York City, for defendants Hodgson, Russ, Andrews, Woods & Goodyear.

Kellner, Chehebar & Deveney, New York City, for plaintiff.

Courtland P. LaVallee, pro se.

Blair & Poach, Buffalo, N.Y., for Frederick Hughes.

Magavern & Magavern by William F. Savino, Buffalo, N.Y., for John P. Burke and Michael D. Reed.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Plaintiff's motion for the entry of final judgment dismissing its claim against defendant and third-party plaintiff is denied. Fed.R.Civ.P. 54(b).

## BACKGROUND

Plaintiff, The United Bank of Kuwait PLC ["UBK"], commenced the instant action to recover amounts allegedly due under a $2,050,000 commercial installment loan to defendant Enventure Energy Enhanced Oil Recovery Associates—Charco Redondo Butane ["Charco Redondo"], a limited partnership. The Charco Redondo limited partners executed Assumption Agreements pursuant to which each agreed to assume personal liability for their pro rata share of the partnership's obligation to repay the loan to UBK. Third-party defendant LeBoeuf, Lamb, Leiby & MacRae ["LeBoeuf"] represented UBK in the loan transaction and defendant and third-party plaintiff Hodgson, Russ, Andrews, Woods & Goodyear ["Hodgson"] represented Charco Redondo and its general partner Enventure Energy, Inc.

During the closing of the loan transaction on December 7, 1984, LeBoeuf, on behalf of UBK, requested that Hodgson issue an opinion letter to UBK concerning the validity and binding effect of the UBK Assumption Agreements. The opinion letter provides, *inter alia*, that each Assumption Agreement is a legal, valid, and binding obligation of the limited partner on whose behalf it was executed.

UBK asserted a cause of action for negligent misrepresentation against Hodgson based upon its detrimental reliance on the opinion letter in connection with UBK's loan to Charco Redondo. Specifically, UBK asserted that if the UBK Assumption Agreements are unenforceable, Hodgson is liable to the extent that UBK is unable to recover from any one or more of the Charco Redondo limited partners. Amended Complaint, at ¶ 90. In a Memorandum and Order dated September 21, 1989 [the "September 21 Order"], the Court granted Hodgson's motion for summary judgment dismissing UBK's claim for negligent misrepresentation on the ground that the absence of privity precluded liability as a matter of law. *See The United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Associates—Charco Redondo Butane, et al.*, 755 F.Supp. 1195 (S.D.N.Y.1989). Familiarity with the September 21 Order is assumed.

UBK now moves for the entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure dismissing UBK's claim against Hodgson. For the reasons set forth below, the motion is denied.

## DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure permits the district court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b).

The district court must undertake a dual inquiry in all Rule 54(b) determinations. Rule 54(b) certification is permissible if the claim in question is separate and distinct from the remaining claims and if there is no just reason for delay in the entry of final judgment on the claim. *See Hudson River Sloop Clearwater, Inc. v. Department of the Navy*, 891 F.2d 414, 417–19 (2d Cir.1989); *Avondale Indus., Inc. v. Travelers Indemnity Co.*, 887 F.2d 1200, 1203 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2588, 110 L.Ed.2d 269 (1990). A claim is deemed separable if it involves at least some factual and legal questions that are distinct from those remaining before the district court. *See Hudson River*, 891 F.2d at 418; *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir.), *cert. denied sub nom., Nassau County Republican Committee v. Cullen*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). The separate and distinct requirement "avoid[s] redundant review of multiple appeals based on the same underlying facts and similar issues of law." *Hudson River*, 891 F.2d at 418. However, the mere separability of a claim does not warrant Rule 54(b) certification. *See Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980). Even when a claim is separable, the just reasons for delay inquiry requires a balancing of judicial administrative interests and the equities involved. *See id.; I.L.T.A., Inc. v. United Airlines, Inc.*, 739 F.2d 82, 84 (2d Cir.1984). The just reasons for delay test precludes entry of final judgment if the adjudicated separable claim would require an appellate court to make duplicative findings when the remaining claims are subsequently appealed. *See Curtiss–Wright Corp.*, 446 U.S. at 8, 100 S.Ct. at 1465; *I.L.T.A.*, 739 F.2d at 85.

The rigorous standards of Rule 54(b) reflect the "historic federal policy against piecemeal appeals...." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956). However, the Second Circuit has recently moderated its position on Rule 54(b). The most recent pronouncement by the Second Circuit in *Hudson River* interpreted the 1980 Supreme Court opinion in *Curtiss–Wright Corp.* as rejecting the narrow application of Rule 54(b) to the "infrequent harsh case." *Hudson River*, 891 F.2d at 419. Prior to *Hudson River*, the Second Circuit permitted piecemeal appeals only in the "infrequent harsh case" where there exists some danger of hardship and injustice resulting from delay in the right to appeal. *See, e.g., Cullen v. Margiotta*, 811 F.2d at 711; *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir.1978). However, the Second Circuit cautioned that the factors of hardship and injustice continue to play a role in Rule 54(b) determinations to the extent that the district court may grant final judgment in the "'interest of sound judicial administration.'" *Hudson River*, 891 F.2d at 419 (quoting *Curtiss–Wright Corp.*, 446 U.S. at 10, 100 S.Ct. at 1466).

UBK asserts that its claim against Hodgson is separable from the remaining claims in that it involves distinct questions of law and fact concerning Hodgson's opinion letter to UBK. Even assuming the adjudicated claim in question is separable and distinct, the Court finds that there exists just reasons for delay in the entry of final judgment on such claim.

Contrary to UBK's contention, immediate appellate review of the adjudicated claim will not materially advance the ultimate resolution of this action because Hodgson's liability, if any, to UBK is clearly contingent upon the outcome of UBK's pending claims against the limited partners. UBK's amended complaint asserts that if the UBK Assumption Agreements are unenforceable, Hodgson is liable to the extent that UBK is unable to recover from any one or more of the Charco Redondo limited partners. Amended Complaint, at ¶ 90. Thus, the issue of Hodgson's liability may be rendered moot by a resolution of the remaining issues before the Court. If the Court determines that the Assumption Agreements are binding obligations of the limited partners or that the limited partners are liable on some other basis, UBK would not have any claim against Hodgson. Where the adjudicated claim may be rendered moot by the district court's resolution of the pending claims, postponement of appellate review until complete resolution of the action is proper. *See Cullen v.*

*Margiotta,* 618 F.2d 226, 228 (2d Cir.1980); *Brunswick Corp.,* 582 F.2d at 185.

To the extent that UBK has failed to establish the absence of just reasons for delay, entry of final judgment would frustrate the general policy against piecemeal appeals. Sound judicial economy is best served by delaying UBK's appeal until all issues are decided by the Court. Therefore, Rule 54(b) certicication is inappropriate.

## CONCLUSION

Plaintiff's motion for the entry of final judgment dismissing its claim against defendant and third-party plaintiff is denied. Fed.R.Civ.P. 54(b).

SO ORDERED.