101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Cedric YOUNG, Plaintiff-Appellant,
v.
Thomas A. COUGHLIN, III, Robert Kuhlman, Superintendent,
Sullivan Corr., Lilliam Stettner, Head Hospital
Administrator, Sharon J. Lilley, Nurse Administrator, Guy
Tufua, Sabrina Von Hagn, C.O.B. McCormick, Defendants-Appellees.
 No. 95-2693.
 United States Court of Appeals, Second Circuit.
 April 16, 1996.
 
 1
 Appearing for Appellant:Cedric Young pro se, Attica, N.Y.
 
 
 2
 Appearing for Appellee:Jeffrey I. Slonim, Ass't Att'y Gen., N.Y., N.Y.
 
 
 3
 S.D.N.Y.
 
 
 4
 APPEAL DISMISSED.
 
 
 5
 Before LUMBARD, KEARSE and MORAN,* District Judge.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was submitted by plaintiff pro se and by counsel for defendants.
 
 
 7
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal from the judgment of said District Court be and it hereby is dismissed for lack of appellate jurisdiction.
 
 
 8
 Plaintiff pro se Cedric Young seeks to appeal from a judgment of the United States District Court for the Southern District of New York, dated June 19, 1995 ("June 19, 1995 judgment"), Denise Cote, Judge, dismissing his claims against certain defendants but leaving claims against other defendants pending. For the reasons below, we conclude that the June 19, 1995 judgment is not a final judgment and that we therefore lack jurisdiction to entertain the present appeal.
 
 
 9
 A judgment that disposes of the plaintiff's claims against fewer than all of the defendants in the case is not ordinarily a final judgment within the meaning of 28 U.S.C. § 1291. See Fed.R.Civ.P. 54(b). Though the district court is permitted to order the entry of a final partial judgment if it determines that "there is no just reason for delay," id., thereby permitting an aggrieved party to take an immediate appeal, respect for the " 'historic federal policy against piecemeal appeals' " requires that such a certification not be granted routinely, see Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co v. Mackey, 351 U.S. 427, 438 (1956)). The power "should be used only in the infrequent harsh case" where there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Brunswick Corp. v. Sheridan, 582 F.2d 175, 183 (2d Cir.1978) (internal quotation marks omitted) (dismissing appeal where stated reasons for certification were inadequate); see, e.g., Cullen v. Margiotta, 618 F.2d 226, 228 (1980) (per curiam).
 
 
 10
 Although the June 19, 1995 judgment in the present case mentioned Rule 54(b), the district court did not direct that a final judgment be entered and did not enter a certification citing any circumstances that would warrant an immediate appeal. Nor have we seen an appropriate basis for such a direction or certification in the record before us. Accordingly, the June 19, 1995 judgment is not a final judgment, and we lack jurisdiction to entertain the present appeal.
 
 
 11
 The appeal is dismissed for lack of appellate jurisdiction.
 
 
 
 *
 Honorable James B. Moran, of the United States District Court for the Northern District of Illinois, sitting by designation