21-916
Sullivan v. Snider

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>S U M M A R Y   O R D E R</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-three.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             STEVEN J. MENASHI,

*Circuit Judges.*
_____

ROBERT SULLIVAN,

                        *Plaintiff-Counter-*
                        *Defendant-Appellee,*

                - v. -                                No. 21-916

ROBIN A. SNIDER,

                        *Defendant-Counter-*
                        *Claimant-Appellant,*

DAVID B. SNIDER,

*Defendant-Appellant.*

_____

For Appellants:        NOREEN MCCARTHY, Keene Valley, N.Y.

For Appellee:          MATTHEW D. NORFOLK, Norfolk Law, Lake
                       Placid, N.Y.

Appeal from the United States District Court for the Northern District of New York.

This cause came on to be heard on the record from the United States District Court for the Northern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal is dismissed for lack of appellate jurisdiction.

Defendants Robin A. Snider and David B. Snider (defendants or the "Sniders"), who own property adjacent to that of plaintiff Robert Sullivan, and who constructed an 80-square-foot cabin (the "Cabin"--sometimes referred to by defendants as a "treehouse") partially on plaintiff's property, seek reversal of the parts of an order of the United States District Court for the Northern District of New York, Glenn T. Suddaby, then-*Chief Judge*, that granted a motion by plaintiff for

partial summary judgment, denied a motion by defendants for partial summary judgment, and denied a motion by defendants to dismiss plaintiff's complaint for failure to state a claim. At oral argument, we requested that the parties provide additional briefing as to the appealability of the issues argued by defendants in their briefs on this appeal. For the reasons that follow, we dismiss the appeal for lack of appellate jurisdiction. We presume the parties' familiarity with the record and proceedings below.

Plaintiff commenced the present action against the Sniders after his attempt to consummate a contract for the sale of his property failed when the buyer raised issues as to the encroachment of defendants' Cabin on plaintiff's lot. The complaint sought a declaratory judgment that the Cabin was partially on plaintiff's property and an injunction ordering defendants to remove the Cabin; it also included claims of slander of title, trespass, nuisance, negligence, and tortious interference with a contractual relationship and business dealings. In a Decision and Order dated April 7, 2021 (the "April 2021 Decision" or "Decision"), the district court principally (a) granted partial summary judgment in favor of plaintiff declaring that defendants had no right to have the Cabin encroach on plaintiff's lot and that plaintiff has the right to remove it and recover from defendants the reasonable cost of doing so; (b)

3

dismissed Robin A. Snider's counterclaim asserting ownership, by reason of adverse possession, of the land occupied by the Cabin beyond their own property; and (c) denied defendants' motion to dismiss the complaint for failure to state a claim. The April 2021 Decision also ordered that

> Defendants are **PERMANENTLY ENJOINED** from maintaining and continuing to keep the Cabin on Plaintiff's Lot, and are ordered to **REMOVE** the Cabin from Plaintiff's Lot within **THIRTY (30) DAYS** from the entry of the final Judgment in this action; . . . .

April 2021 Decision at 51. The court stated that plaintiff's claims of slander of title, trespass, nuisance, negligence, and tortious interference with a contractual relationship and business dealings remained to be tried. *See id*.

Defendants promptly filed notices of appeal stating that the Sniders

> appeal to the Second Circuit from the Decision and Order, entered in this action on April 7, 2020, granting a motion, pursuant to Fed. R. Civ. P. 56(a), for summary judgment by Plaintiff, denying a motion, pursuant to Fed. R. Civ. P. 56(a), for summary judgment by the Defendants, and denying a motion, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim by Defendants.

(Defendants' Notice of Appeal dated April 8, 2021; Amended Notice of Appeal dated April 29, 2021.)

In general there is a "'historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck*

4

*& Co. v. Mackey*, 351 U.S. 427, 438 (1956)). For purposes of the Federal Rules of Civil Procedure ("Federal Rules"), the term "'[j]udgment'" includes "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Final judgments are appealable under 28 U.S.C. § 1291. A *final* judgment within the meaning of § 1291 is one that conclusively determines the rights of the parties to the litigation, leaving nothing for the court to do but execute the judgment. *See, e.g., Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978); *see also id*. at 468-69 (discussing exception for certain final collateral orders). In the absence of a final judgment,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *does not end the action as to any of the claims or parties* and may be revised at any time before the entry of a judgment adjudicating all the claims and all of the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). Thus, an order or judgment that disposes of fewer than all of the claims asserted by a party, or the claims of fewer than all of the parties, is not ordinarily a final judgment appealable under § 1291. In such a case, however, the Federal Rules permit the district court to order that a partial final judgment be entered--thereby permitting an aggrieved party to take an immediate appeal from that judgment--but "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The federal policy against piecemeal

appeals requires that before ordering the entry of a partial final judgment, the district court consider not only the equities but also judicial administrative interests. A "unified" appeal, rather than a series of appeals, "is particularly desirable where . . . the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980).

In sum, where a challenged decision of the district court is not embodied in an order or judgment that is "final" within the meaning of 28 U.S.C. § 1291, does not relate to an injunction, a receivership, or a case in admiralty, *see* 28 U.S.C. §§ 1292(a)(1) (2) and (3), and is not an interlocutory order as to which the court of appeals has granted leave to appeal, *see id*. § 1292(b), the court of appeals lacks jurisdiction to hear an appeal. *See*, *e.g.*, *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 129 (2d Cir. 2000) (per curiam).

In the present case, after defendants filed their notices of appeal--which, as quoted above, expressly challenged only those aspects of the April 2021 Decision that had granted a motion by plaintiff for partial summary judgment and denied defense motions seeking partial summary judgment and dismissal of the complaint for failure to state a claim--defendants submitted appeal-related information required by the "Second Circuit Civil Appeal Pre-Argument Statement (Form C)" as

6

to, *inter alia*, the type of judgment or order being appealed, the basis for appellate jurisdiction, the status of the case, and the relief sought on appeal. The form provided choices of boxes that could be checked with respect to specific information. Defendants, on the form, designated their appeal as one from a "Final Decision," not one from an "Interlocutory Decision Appealable As of Right" (Defendants' Form C dated June 13, 2021 ("Defendants' Form C"), at 1)--although they also stated that "only partial summary judgment [had been] granted" (*id*. at 2). Defendants described the relief granted by the district court as a "Permanent" Injunction, not as a "Preliminary" Injunction. (*Id*.)

In addenda, defendants provided brief details, consistent with the boxes they had checked. They described the district court's April 2021 Decision as dealing with the parties' motions for "Partial Summary Judgment" "in their entirety," and stated that

> the Court also issued a permanent injunction against the Appellants barring them from maintaining the structure at issue on the Appellee's lot and ordering the structure to be removed.

(Defendants' Pre-Argument Statement Addendum A at 3.) As to the "issues proposed to be raised on appeal," defendants stated that the district court erred (1) when it determined that no genuine issue of fact existed with respect to defendants'

7

claim of adverse possession, (2) when it determined that genuine issues of material fact existed with respect to plaintiff's claims as to which the court order a trial, and (3) "when it granted the Plaintiff *permanent* injunctions regarding the presence of and removal of the structure at issue." (Defendants' Pre-Argument Statement Addendum B at 1-2 (emphasis added)). As to each of their proposed issues, defendants stated that the "Standard of Review" is "De Novo." (*Id*. at 1-2.)

After defendants filed their Form C and addenda, a question was raised as to appealability. Defendants then asked the district court to enter a Rule 54(b) certification and order for a partial final judgment as to those parts of the Decision "which granted Plaintiff's partial motion for summary judgment and denied Defendants' counterclaims." (Letter from defense attorney Bryan Liam Kennelly to then-Chief Judge Suddaby dated July 16, 2021, at 1.). Defendants stated that

> [i]t appears that without entry of final judgment and a finding by this Court that no just cause exists to delay appeal on the above-noted rulings, the appeal cannot proceed as the Court of Appeals will not have jurisdiction.

(*Id*.) Defendants also submitted their appellate attorney's affidavit stating that the parties "and the Court" had expected the April 2021 Decision to be immediately appealable. (Affidavit of Noreen McCarthy dated July 16, 2021, ¶ 13; *see id*. ¶ 8.)

The district court, in a text order, immediately requested a response from plaintiff to defendants' Rule 54(b) motion; but it stated that "[t]he Court notes . . . that it is unclear *how Defendants reasonably could have not realized . . .* that the Decision and Order of 04/07/2021 *was non-final*" in light of (a) its "express language" that defendants were "to remove the Cabin from Plaintiff's Lot within thirty (30) days from 'the entry of the final Judgment in this action,'" and (b) a May 11, 2021 text order that stated expressly that the court "did not direct the Clerk of Court to enter a final judgment on part of the claims in the case pursuant to Fed. R. Civ. P. 54(b)." D.Ct. Dkt. 88, July 16, 2021 (other internal quotation marks omitted) (emphases ours). The court thereafter entered a text order denying defendants' July 16, 2021 request, stating that "if the Court were to find that no closely related issues remain to be litigated ( . . . a finding that it does not make), the Court would not, and does not, render an express determination that there is no just reason for delay under Rule 54(b)." D.Ct. Dkt. 94, July 30, 2021.

In the meantime, on July 15, 2021, plaintiff moved in this Court to dismiss the appeal for lack of appellate jurisdiction. Defendants opposed, arguing that "28 U.S.C. § 1292(a)(1) expressly authorizes an interlocutory appeal from an order granting an injunction, and this appeal involves such an order." (Defendants'

opposition to plaintiff's motion to dismiss appeal, unnumbered second page.) They argued that "§ 1292(a)(1) expressly authorizes the instant appeal" because it "involves an order by the District Court *enjoining Appellant Robin Snider from accessing her property*; ordering her to remove the treehouse within 30 days of entry of final judgment; and authorizing Appellee to remove the treehouse and to recover any associated costs from Appellant." (*Id*. at unnumbered fifth page (emphasis added); *see also id*. at unnumbered sixth page ("28 U.S.C. § 1292(a)(1) . . . authorizes the instant appeal" because the district court "issued a permanent injunction prohibiting Appellant from maintaining or accessing the disputed property").)

However, only the immediately effective portion of the April 2021 Decision's injunctive order was immediately appealable under "§ 1292(a)(1), *i.e.*, the part that immediately barred defendants from "maintaining and continuing to keep" the Cabin. While the April 2021 Decision appeared to characterize the injunction as permanent, "permanent injunctions that are interlocutory in nature"--*i.e.*, that take effect prior to the entry of a final judgment--are appealable under § 1292(a)(1). *National R.R. Passenger Corp. v. Expresstrak, L.L.C.*, 330 F.3d 523, 527 (D.C. Cir. 2003). The part of the Decision that required defendants to "remove" the Cabin from plaintiff's property had no immediate effect because it specified that that obligation

10

would exist only after the entry of final judgment. It thus was not an injunction within the scope of § 1292(a)(1); nor was it part of any final judgment that could have been appealed under § 1291. And though defendants also complain of the ruling that plaintiff was entitled to remove the Cabin, that ruling was neither an injunctive order imposing any duty or restraint on plaintiff, nor part of a final judgment.

Because the part of the April 2021 Decision that barred defendants from "maintaining" the Cabin could have had immediate effect, a motions panel of this Court denied plaintiff's motion to dismiss the appeal. We stated that "*the portion* of the district court's order *granting preliminary* injunctive relief is immediately appealable under 28 U.S.C. § 1292(a)(1)." Order, 2d Cir. Oct. 21, 2021, at 1 (emphases added). We stated that "[f]or purposes of this order, it is assumed that the portion of the district court's injunction barring the Appellants from 'maintaining and continuing to keep' the cabin--apparently barring them from, *inter alia*, accessing, cleaning, or repairing the cabin pending final decision--was immediately effective." *Id*. at 2. Accordingly, defendants were permitted to proceed with the appeal of the preliminary injunction aspect of the April 2021 Decision.

The Federal Rules of Appellate Procedure ("FRAP") provide that an appellant's brief must contain, *inter alia*, a statement of the issues for review, *see* Fed. R. App. P. 28(a)(5); "a concise statement of the applicable standard of review" for each issue, *id*. Rule 28(a)(8)(B); and "a short conclusion stating the precise relief sought," *id*. Rule 28(a)(9). However, after this Court found that the preliminary injunction "portion" of the April 2021 Decision was appealable, defendants filed their appellate brief which contains nothing to meet any of these requirements with respect to the preliminary injunction. Under "Issues Presented for Review," defendants specify seven questions; but all seven deal only with the district court's rulings on summary judgment, or on the sufficiency of the complaint, or the admissibility of various evidence to support of plaintiff's claims. (Defendants' brief on appeal at 1-3.) There is no mention of the preliminary injunction.

And consistently with their descriptions of their seven stated issues, defendants, in addressing applicable standards of review, state for each issue that the district court's ruling is subject to "*de novo*" review. (*Id*. at 10, 12, 28, 33.) There is no mention of the standard for reviewing a district court's grant of a preliminary injunction; that decision is reviewable for abuse of discretion. *See*, *e.g.*, *Doran v.*

*Salem Inn, Inc.*, 422 U.S. 922, 931-32 (1975); *Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200, 206 (2d Cir. 1979).

Further, the arguments presented in the brief--despite the fact that the only immediately appealable aspect of the April 2021 Decision is its preliminary injunctive order prohibiting defendants from "maintaining" the Cabin--make no mention of any current restriction on defendants. The only mention of an injunction in their brief is a passing reference in their "Statement of the Case," stating that the district court "enjoined the Sniders from using the treehouse, and ordered them to remove it within thirty days." (Defendants' brief on appeal at 3.) And the latter part of this statement is highly misleading as an attempt to appeal from a *preliminary* injunction because--as the Decision itself stated explicitly and as the district court reiterated in its order denying a Rule 54(b) certification--"on page 51 of its Decision and Order of 04/07/2021, the Court ordered Defendants to remove the Cabin from Plaintiff's Lot *merely within thirty (30) days from 'the entry of the final Judgment in this action*.'" D.Ct. Dkt. 94, July 30, 2021 (emphasis added).

Finally, for the required "conclusion stating the precise relief sought," FRAP Rule 28(a)(9), defendants' brief states that "[t]he order granting Sullivan's summary judgment motion should be reversed," that "Mrs. Snider was entitled to a

13

presumption that the land was hers," and that plaintiff's "other claims should be dismissed." (Defendants' brief on appeal at 53.) There is no request for relief from the preliminary injunction.

In sum, the district court's April 2021 Decision was not a final judgment; it neither required that defendants remove the Cabin immediately nor deprived defendants of ownership of the Cabin; it contained only interlocutory orders. The only interlocutory order that was immediately appealable was the immediately effective preliminary injunction that prohibited defendants from "maintaining" the Cabin. Although defendants did not mention the preliminary injunction in their notice of appeal, or in their descriptions of the appeal in Form C or their addenda to that form, this Court's prior order interpreted the Decision's prohibition against "maintaining" the Cabin as preventing defendants from "cleaning" or "repairing" the Cabin, and therefore found "that portion" of the April 2021 Decision to be immediately appealable under § 1292(a)(1). Yet in defendants' ensuing brief on appeal, there is not a single reference to "maintaining" or "cleaning" or "repairing" the Cabin, or even "accessing" the Cabin. They have given no recognition to the fact that such an order is reviewed under an abuse-of-discretion standard; have made no effort to assert, or present any argument for the proposition that the sole

14

appealable aspect of the April 2021 Decision constituted an abuse of the court's discretion; and have not requested any relief from that prohibition. Issues that are not sufficiently argued in the briefs are considered waived. *See, e.g.*, *Warren v. Garvin*, 219 F.3d 111, 113 n.2 (2d Cir.), *cert. denied*, 531 U.S. 968 (2000); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.) (same), *cert. denied*, 525 U.S. 1001 (1998)). A passing reference to a ruling by the lower court, without advancing an accompanying argument as to why it should be overturned, is not sufficient to present that ruling for appellate review. *See, e.g.*, *Frank v. United States*, 78 F.3d 815, 832-33 (2d Cir. 1996), *vacated on other grounds*, 521 U.S. 1114 (1997). Any challenge by defendants to the preliminary injunction aspect of the April 2021 Decision has been waived.

We note that in some cases where one or more, but fewer than all, of the district court orders in an action are appealable before the entry of final judgment, the court of appeals may have discretion to exercise pendent appellate jurisdiction over some of the orders that are not otherwise immediately appealable. *See, e.g.*, *Port Authority Police Benevolent Ass'n v. Port Authority of New York & New Jersey*, 698 F.2d 150, 152 (2d Cir. 1983); *EEOC v. Joint Apprenticeship Committee of the Joint Industry Board of the Electrical Industry*, 895 F.2d 86, 89-90 (2d Cir. 1990). But the general federal presumption against immediate appellate review of nonfinal orders also

counsels against a "loose" approach in connection with the exercise of pendent appellate jurisdiction. *See generally Swint v. Chambers County Commission*, 514 U.S. 35, 45-50 (1995).

On this appeal, defendants seek to argue that the district court's April 2021 Decision erred in granting partial summary judgment declaring that plaintiff has the right to have the Cabin removed from his property and in denying defendants' counterclaim for adverse possession of the part of plaintiff's land on which the Cabin encroaches. While we might have exercised pendent appellate jurisdiction related to those ultimate issues if there had been any genuine issue raised as to the lone appealable aspect of the April 2021 Decision, we know of no case in which a federal court has exercised pendent appellate jurisdiction over nonappealable orders that are appended only to appealable issues that the appellant neither intended to nor did pursue. This case will not be the first.

We have considered all of defendants' contentions in support of appellate jurisdiction over the only issues they argue on this appeal and have found them to be without merit. The appeal is dismissed for lack of appellate jurisdiction.

Costs to plaintiff.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court