**Joseph E. McMAHON and Mary J. McMahon, Plaintiffs,**

v.

**CONAGRA, INC. and Kinsman Lines, Inc., Defendants.**

No. 90–CV–385S.

United States District Court, W.D. New York.

July 29, 1992.

John J. Gruber, Harrison & Gruber, Buffalo, N.Y., for plaintiffs.

George M. Gibson, Gibson, McAskill & Crosby and Randolph C. Oppenheimer, Kavinoky & Cook, Buffalo, N.Y., for defendants.

DECISION AND ORDER

SKRETNY, District Judge.

INTRODUCTION

Plaintiffs Joseph F. McMahon and Mary J. McMahon ("Plaintiffs") move for entry

of final judgment of this Court's Order of May 27, 1992, pursuant to Fed.R.Civ.P. 54(b).

Plaintiffs have filed a two count Complaint, alleging negligence and loss of consortium against Defendants ConAgra, Inc. ("ConAgra") and Kinsman Lines, Inc. ("Kinsman").

This Court has jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332.

As the parties are aware, ConAgra moved for summary judgment seeking dismissal of Plaintiffs' action against it in its entirety. The submissions of the parties which this Court considered in deciding ConAgra's motion are recited in this Court's May 27, 1992 Decision and Order. ("Decision and Order, p. 1").

This Court granted ConAgra's motion for summary judgment, reasoning that although ConAgra owed a duty of due care to Plaintiff Joseph F. McMahon ("Plaintiff"), the undisputed facts of the case indicated that ConAgra did not breach its duty to Plaintiff. (Decision and Order, p. 5).

Plaintiffs now move for Fed.R.Civ.P. 54(b) certification of this Court's summary judgment Order. Plaintiffs contend that appellate review of the propriety of granting summary judgment to ConAgra has no bearing on Kinsman's independent liability to be determined at trial. Plaintiffs further assert that immediate appeal is necessary in order to evaluate whether this Court correctly applied *Hartnett v. Reiss Steamship Co.*, 421 F.2d 1011 (2d Cir.1970), in concluding that ConAgra was entitled to summary judgment. Plaintiffs also contend that in the absence of an immediate appeal the equitable and economic interests of the parties would be endangered, and judicial economy would not be served since duplicative trials on the issue of damages might result.

In opposing Plaintiffs' motion for certification, ConAgra responds that certification to avoid a potential retrial, or to determine the appropriateness of a district court's order, is improper as a matter of law. ConAgra also contends that Plaintiffs have failed to demonstrate that denial of certifi-

cation would serve an unusual hardship or work an injustice to them. ConAgra further contends that the claims Plaintiffs asserted against it are not separable from those they asserted against Kinsman, and consequently new evidence at trial might cause this Court to modify its Decision and Order granting summary judgment to ConAgra. Finally, ConAgra argues against certification of this Court's summary judgment Order since settlement discussions between Plaintiffs and Kinsman are ongoing.

In support of their motion for Fed.R.Civ.P. 54(b) certification, Plaintiffs submit a Memorandum of Law dated June 24, 1992. ("Plaintiffs Memo").

In opposition to Plaintiffs' motion, ConAgra submits a Memorandum of Law dated July 10, 1992. ("ConAgra Memo").

Kinsman makes no submissions, either in support or in opposition to, Plaintiffs' motion.

For the reasons articulated below, Plaintiffs' motion for Fed.R.Civ.P. 54(b) certification is denied.

## FACTS

The undisputed facts relied upon by this Court in its consideration of ConAgra's summary judgment motion are recited in this Court's Decision and Order of May 27, 1992. (Decision and Order, pp. 2–3).

As the parties are aware, in its Decision and Order, this Court stated that "the sole legal question on this motion for summary judgment is whether ConAgra, as owner and operator of a grain elevator, owed a duty of care to plaintiff, a longshoreman engaged in unloading a ship that was docked at its grain elevator." (Decision and Order, p. 4).

In considering this question, this Court concluded that ConAgra was obligated to use due care in order to avoid injury to persons working on the docked ship. (Decision and Order, p. 5). This Court reasoned that ConAgra's duty to Plaintiff derived from traditional principles of tort law, which could be pursued under a traditional

common law action, as provided pursuant to 33 U.S.C. § 905(b) and 33 U.S.C. § 933. (Decision and Order, p. 5). However, this Court concluded that the undisputed facts failed to demonstrate that ConAgra breached its duty, or that ConAgra exercised sufficient control over the operation to require it to eliminate slippery conditions or to shut down loading activities. (Decision and Order, pp. 6–7).

This Court also rejected Plaintiffs' reliance on *Hartnett v. Reiss Steamship Co.,* 421 F.2d 1011 (2d Cir.1970), *cert denied,* 400 U.S. 852, 91 S.Ct. 49, 27 L.Ed.2d 90 (1970). This Court concluded that *Hartnett* was inapposite to the case at bar due to factual dissimilarities between the cases (Decision and Order, pp. 8–10), and that due to these dissimilarities, *Hartnett* cannot be interpreted to impose additional duties of care on ConAgra. (Decision and Order, pp. 7–8). Finally, this Court concluded that even if it were to hold that ConAgra was a stevedore as a matter of law, as the *Hartnett* court did with its owner of a grain elevator, the stevedore's duty to indemnify in *Hartnett* ran only to the shipowner, and did not disturb the grain elevator owner's duty to the plaintiff under traditional tort theories. Therefore, this Court held that such a conclusion would not effect ConAgra's duty to Plaintiff. (Decision and Order, pp. 10–12).

Based upon the foregoing considerations, this Court concluded that ConAgra did not breach the duty it owed to Plaintiff, and it ordered that ConAgra's motion for summary judgment be granted. (Decision and Order, p. 12).

## ENTRY OF FINAL JUDGMENT

■ Federal Rule of Civil Procedure 54(b) provides that when multiple claims or parties are involved in an action, a district court "may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Under this rule, certification is committed to the discretion of the district court. However,

the district court's discretion "is to be exercised sparingly in light of the 'historic federal policy against piecemeal appeals.'" *Hogan v. Consolidated Rail Corp.,* 961 F.2d 1021, 1025 (2d Cir.1992), quoting *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

The Second Circuit Court of Appeals has recently directed that "[c]ertification under Rule 54(b) should be granted only where there are 'interest[s] of sound judicial administration' and efficiency to be served ... or, in the 'infrequent harsh case,' ... where there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Hogan,* 961 F.2d at 1025 (citations omitted); *see also Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627 (2d Cir.1991).

Notably, however, the Second Circuit has also recently directed that a district court's reliance on the "'infrequent harsh case' chestnut," or its assessment that the case is "unusual, exceptional, or extraordinary," is not sufficient to determine that Rule 54(b) certification is appropriate. *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1094 (2d Cir.1992). The *Ginett* Court directed that the "proper guiding star, as the Supreme Court has emphasized, is 'the interest of sound judicial administration,'" which "cannot be confined to economy or efficiency in just the appellate court." 962 F.2d at 1094. The interest of sound judicial administration therefore, "must involve a proper regard for the duties of both the district court and the appellate court." *Id.*

In situations where one defendant is dismissed from the suit, but others remain on the same, similar or interrelated causes of action, the Second Circuit has indicated that "the interlocutory order should normally remain interlocutory ... until the liabilities of all the defendants have been adjudicated." *Hogan,* 961 F.2d at 1025. However, in *Ginett,* the same court downplayed the interrelatedness of multiple claims and parties as a criterion for denial of Rule 54(b) certification. The *Ginett* court noted that liberal rules of joinder of parties, claims and remedies, as well as

complex issues and protracted litigation, "cry out for flexibility in granting partial final judgments under rule 54(b)." 962 F.2d at 1094.

■ The apparent split between the Second Circuit's recent holdings in *Hogan* and *Ginett* appears to suggest that neither the harshness of the case, nor the interrelationships between dismissed and surviving claims or parties, nor the interests of judicial administration, are sufficient grounds individually to grant or deny Rule 54(b) certification. Instead, a district court must rely on its sound discretion in providing a reasoned explanation of its application of Fed.R.Civ.P. 54(b). In applying that discretion, it must consider all the factors listed above, as well as balance the interests of judicial efficiency of both the district and appellate courts.

Under the standards articulated above, the function of a district court is not to enter Rule 54(b) orders "routinely or as a courtesy or an accommodation to counsel," but to determine whether sufficient indicia exist to warrant immediate appeal. *Ansam Associates Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir.1985).

## DISCUSSION

■ Plaintiffs initially contend that granting summary judgment to ConAgra "has no bearing or relevance to the claims against Defendant Kinsman pursuant to the LHWCA § 905(b)" (Plaintiffs Memo, p. 3); and that "ConAgra's liability, if any, to the Plaintiff is independent of Kinsman's potential liability." (Plaintiffs Memo. p. 5).

The Second Circuit Court of Appeals has directed that "where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants." *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir.1987). Since the resolution of the remaining claims could affect an appellate court's decision on the appealed claim(s), the "interrelationship of the dismissed and surviving claims is generally a reason for

not granting a Rule 54(b) certification, not a reason for granting it." *Hogan*, 961 F.2d at 1026.

Therefore, before Plaintiffs can successfully argue that Rule 54(b) certification of ConAgra's summary judgment is appropriate, they must first demonstrate that the remaining claims against Kinsman are truly separable and independent from those asserted against ConAgra. However, Plaintiffs fail to articulate sufficient reasons why the potential liabilities of ConAgra and Kinsman are not related to each other, and therefore potentially appropriate for Rule 54(b) certification.

In its May 27, 1992 Decision and Order, this Court addressed only the question of ConAgra's liability as owner and operator of a grain elevator under the facts at bar. It made no conclusions concerning the interrelatedness of Plaintiffs' claims against both Defendants, nor concerning the relationship, if any, between ConAgra's and Kinsman's respective liabilities to Plaintiff. The fact that this Court only decided the issue of ConAgra's liability does not suggest the conclusion that ConAgra's dismissal from the action indicates that the remaining claims against Kinsman are separate and independent. The issues of the liability of Kinsman and its relationship to ConAgra's liability were not before this Court.

Further, the realities of the case are that the allegations against ConAgra and Kinsman derive from the same set of operative facts, include the same participants, and may impose the same duty of care on Kinsman as this Court determined applied to ConAgra. Most importantly, Plaintiffs asserted the exact causes of action against each defendant. Therefore, it is highly probable that closely related issues remain to be litigated against the remaining defendant Kinsman.

Consequently, it is possible that new evidence may be adduced at trial relating to the parties' respective and potentially joint liabilities. Therefore, this Court should be allowed to retain the opportunity to revise its May 27, 1992 Order prior to its entry of

judgment. Retaining the opportunity to revise its Order would address the concern the Second Circuit expressed in *Ginett* that "sound judicial administration must involve a proper regard for the duties of both the district court and the appellate court." 962 F.2d at 1094.

In *Ginett*, the Second Circuit provided that in determining whether Rule 54(b) certification is appropriate, an appellate court "should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot our decision on the appealed claim or require us to decide issues twice." *Id.* Therefore, should this Court grant Rule 54(b) certification of its May 27, 1992 Order, the Second Circuit would be squarely faced with this exact dilemma it warns of in *Ginett*. That is, if the Second Circuit were to decide Plaintiffs' appeal of ConAgra's summary judgment now, before trial, it is possible that the ultimate dispositions of the interrelated claims remaining at trial against Kinsman could either moot an appellate decision on the summary judgment appeal, or force the Second Circuit to decide the issue again on a subsequent (post-trial) appeal. Consequently, Plaintiffs' arguments that the issues would "not be raised in subsequent appeals" is incorrect (Plaintiffs' Memo, p. 5), and is directly contradicted by the Second Circuit's concern in *Ginett*.

Plaintiffs next contend that the "issue, quite clearly, is whether this Court correctly applied the Second Circuit's Decision in *Hartnet*, (sic) to the facts herein," (Plaintiffs Memo, p. 5); and the "relatively simple legal issue as to whether *Hartnet* (sic) was properly construed so as to relieve ConAgra of any liability as a non-employer Stevedore." (Plaintiffs Memo, p. 6).

In *Hogan*, the plaintiff commenced a wrongful death action against three defendants. The district court here in the Western District of New York awarded summary judgment to one defendant, reasoning that the facts at bar suggested several conflicting theories of liability, most of which were purely speculative. Due to the speculative nature of these theories, the Court further reasoned that the trier of fact should not be allowed to choose between speculative facts in making the inference it prefers. 961 F.2d at 1024.

The court certified its summary judgment Order as a final judgment, providing in its Order that "this Court deems that the correctness *vel non* of its ... summary judgment should be determined prior to trial." *Hogan*, 961 F.2d at 1024, quoting June 24, 1991 Order, p. 2.

In reviewing the certification, the Second Circuit held that a "district court's preference to have pretrial appellate review of its assessment of the evidence to support a given claim is an improper basis for entry of an immediate partial final judgment." *Id.* at 1024.

Plaintiffs similarly contend that the alternatives to "certification at this stage of the proceedings are fraught with uncertainty and the potential for duplicative trials on the issues of damages." (Plaintiffs Memo, p. 6). In *Hogan*, the motivation behind the district court's certification of its summary judgment order was to avoid "a complete new trial" in the event that the appellate court subsequently determined that the district court had erred in interpreting the evidence in deciding the summary judgment motion. The Second Circuit rejected this motivation as an insufficient explanation under the Rule, noting that "[t]hough we sympathize with the district court's desire to avoid a retrial of the entire case if its assessment of the evidence as to [defendant's] role is erroneous ... [t]o deem sufficient under Rule 54(b) a finding simply that an immediate appeal might avoid the need for a retrial ... could only contravene the federal policy against piecemeal appeals." *Hogan*, 961 F.2d at 1026.

Similarly, the Second Circuit's concern for "the interest of sound judicial administration" expressed in *Ginett* is not directed at avoiding retrials, but at avoiding potential conflicts between the district and appellate courts which might result in mooted or duplicative appeals of the same issue. Therefore, as ConAgra correctly contends, avoiding retrial is an improper basis for granting certification as a matter of law. (ConAgra Memo, pp. 3–4).

Finally, Plaintiffs argue that judicial economy and the equitable interests of the parties would be disserved if certification is not granted. (Plaintiffs Memo, pp. 5–6). However, as *Hogan* suggests, judicial economy alone in preventing retrials is an insufficient reason to grant certification. Further, the Second Circuit has stated that courtesy, accommodation and routine are improper bases to certify an Order. *Ansam Associates Inc. v. Cola Petroleum, Ltd.*, 760 F.2d at 445. Finally, the concern expressed in *Ginett* is for efficient judicial administration, not necessarily judicial economy.

Plaintiffs offer no further argument of how their equitable interests, other than the potential discomfort of a retrial, are harmed. Plaintiffs can only offer the meek argument that ConAgra's equitable interest is harmed, because "ConAgra should be entitled to know whether it is in or out of the case before the commencement of trial." (Plaintiffs Memo, p. 6). Notably, however, ConAgra does not share this concern, as demonstrated by its opposition to Plaintiffs' motion seeking an immediate appeal.

It should also be noted that Plaintiffs' reliance on *Steve's Homemade Ice Cream, Inc. v. Stewart*, 907 F.2d 364 (2d Cir.1990), to suggest the appropriateness of Rule 54(b) certification in the instant case is unavailing. Plaintiffs correctly assert that the circumstances and conclusions regarding the application of Rule 54(b) in *Steve's* are distinct from those at bar. However, any implication that the distinctions between the cases allows the conclusion that certification should be applied to the summary judgment Order for ConAgra is unwarranted.

In *Steve's*, one of three defendants was granted partial summary judgment dismissing one of several claims asserted against it. However, that claim remained in the suit as asserted against the remaining defendants, and that defendant remained in the suit under several other claims. In considering the applicability of Rule 54(b) to this situation, the court held that "an order dismissing a claim against one party but not completely dismissing either the claim or the party from the litigation is not eligible for entry of a final judgment under Rule 54(b)." *Steve's*, 907 F.2d at 364.

The holding in *Steve's* states that in determining whether to entertain an appeal certified under Rule 54(b), the appellate court "must determine first whether the judgment is eligible for Rule 54(b) certification." Id. at 365. The holding does not state, nor imply, that since the circumstances in *Steve's* made its summary judgment order ineligible for entry of a final judgment, certification is conversely appropriate in cases where a defendant, such as ConAgra, is totally dismissed from the litigation.

Similarly, plaintiffs reliance on the 1961 amendment to Fed.R.Civ.P. 54(b) is unavailing. The amendment makes certification under the Rule available when one party is dismissed from a multiparty suit, since the prior version of the Rule only referred to multiple claims. *Steve's*, 907 F.2d at 366. The amendment does not indicate that when a party is totally dismissed from the action that certification is necessarily appropriate. It does state, however, that in such cases certification is available at the district court's discretion. In brief, neither the holding in *Steve's* nor the 1961 amendment fetter the district court's discretion in applying the Rule.

In opposition to Plaintiffs' motion, ConAgra asserts that Plaintiffs have failed to demonstrate "that a denial of certification would cause unusual hardship or work an injustice to the plaintiffs." (ConAgra Memo, p. 4). The Second Circuit has directed that certification should be granted only when there exists "some danger of hardship or injustice through delay which would be alleviated through immediate appeal." *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir.1968).

For example, in *Ginett* the delay of plaintiff's receipt of his severance pay until the remaining issues of the case could be determined, was held by the district court in the Western District of New York to constitute

sufficient hardship to a litigant warranting Rule 54(b) certification.

In the instant case, Plaintiffs offer no sufficient reasons why they would suffer hardship or injustice through the delay resulting from noncertification. As discussed above, asserting that "[r]esolution of this issue" by an immediate appeal would save them the "cost and expense of a full trial" does not demonstrate sufficient hardship or injustice to warrant certification. Therefore, as ConAgra correctly contends, Plaintiffs have failed to demonstrate that this case represents the "infrequent harsh case" eligible for Rule 54(b) certification.

ConAgra also contends that entry of final judgment should be denied since Plaintiffs and Kinsman are involved in settlement discussions. (ConAgra Memo, p. 2). ConAgra notes that if settlement were reached between Kinsman and Plaintiffs, certification of this Court's May 27, 1992 Order would become moot. Although this speculation may be correct if Plaintiffs were satisfied with a settlement reached with only one Defendant, it is also possible that if the summary judgment Order were appealed and reversed, Plaintiffs could gain a more favorable outcome at trial, or from settlement with both Defendants. However, since ConAgra presents no other authority or argument, and since the considerations expressed above indicate that certification is improper in this case, this Court need not express an opinion regarding ConAgra's settlement argument.

Based upon the foregoing considerations, Plaintiffs have failed to provide this Court with sufficient reasons to conclude that the required indicia exist to warrant immediate appeal.

## CONCLUSION

For the reasons set forth above, this Court denies Plaintiffs' motion for entry of final judgment of this Court's Order of May 27, 1992.

## ORDER

IT HEREBY IS ORDERED, that Plaintiffs' motion for entry of final judgment of this Court's Order of May 27, 1992, pursuant to Fed.R.Civ.P. 54(b), is DENIED.

FURTHER, that the parties shall appear before this Court on Tuesday, August 25, 1992 at 9:00 a.m. in Part IV, Mahoney State Office Building, 65 Court Street, Buffalo, New York for a further status conference. Counsel shall be prepared to report at that time as to the status of settlement negotiations and, if needed, to set a trial date.

SO ORDERED.