Jason **Teregeyo**,
Plaintiff/Appellant,
v.
Benedicto Tenorio **Lizama**,
Felipe Camacho, David N. Camacho,
and Rosalina C. Tenorio,
Defendants/Appellees.
Appeal No. 95-024
Civil Action No. 91-0289C
July 9, 1997

■■■■■■■■■

Argued and Submitted June 26, 1997

Counsel for Appellant: Douglas F. Cushnie, Saipan.

Counsel for Appellee Felipe Camacho: Richard W. Pierce, Esq. (John R. Connor, Esq.), Saipan. (White, Pierce, Mailman & Nutting)

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ, Justice and SALAS, Special Judge.

TAYLOR, Chief Justice:

¶1 ■ Appellant, Jason Teregeyo ("Teregeyo"), appeals the Superior Court's Rule 54(b) judgment entered July 14, 1995 absolving the appellee, Felipe Camacho ("Felipe"), of any liability to Teregeyo with judgment and costs to be entered in Felipe's favor. We have jurisdiction pursuant to 1 CMC § 3102(a). We affirm.

## ISSUES PRESENTED AND STANDARD OF REVIEW

¶2 The issues before us are:
I. Whether the Superior Court erred in entering a Rule 54(b) Judgment; and
 a. Does Rule 54(b) require a motion under Com. R. Civ. P. 7(b)(1)?
 b. Is the court required to articulate the factual basis for finding "no just cause for delay"?
II. Whether the Rule 54(b) judgment was a final, appealable order.

¶3 ■■■ Whether the Superior Court followed the proper procedures for entering a Rule 54(b) judgment and a determination of "no just reason for delay" is reviewed under an abuse of discretion standard. *Ito v. Macro Energy*, 2 N.M.I. 459, 463 (1992). Whether the Superior Court's Rule 54(b) judgment is final, is a question of law reviewed de novo. *Id.*

## FACTS AND PROCEDURAL BACKGROUND

¶4 On April 10, 1991, Teregeyo filed a complaint against Benedicto Tenorio Lizama ("Benedicto"), Felipe, David N. Camacho ("David"), and Rosalina C. Tenorio ("Rosalina") for personal injuries Teregeyo sustained as a result of a gunshot wound to his face which left him totally blind. *Teregeyo v. Lizama*, Civ. Action No. 91-289 (Complaint and Summons) (N.M.I. Super. Ct. Apr. 10, 1991). The allegations against Felipe and Rosalina were based on the fact that they are the parents of David and Benedicto and were allegedly negligent in supervising their children. *Id.* at 5, 6. Together, the parents filed a motion for summary judgment which was granted by the Superior Court on September 1, 1992, on the basis that Teregeyo's theory for parental liability failed to constitute a valid legal claim for relief under CNMI law because delinquency had not yet been determined. *Teregeyo v. Lizama*, Civ. Action No. 91-289 (Order Granting Summary Judgment) (N.M.I. Super. Ct. Sept. 1, 1992). Teregeyo did not appeal the merits of this summary judgment.

¶5 The liability of the other defendants has already been determined. Liability as to David has been established by default and against Benedicto by a stipulated agreement as to negligence. Appellant's Opening Brief at 7. At the time this appeal was filed, all that remained in the Superior Court was a determination of damages.[1] At oral arguments, appellant informed us that this case has been completely disposed of at the trial court and an appeal of the final judgment has been taken.

¶6 On June 15, 1995, Felipe filed a "Request for Entry of Judgment" (the "request") asking the Superior Court to enter a judgment in his favor pursuant to Com. R. Civ. P. 54(b). *Teregeyo v. Lizama*, Civ. Action No. 91-289 (Request for Entry of Judgment) (N.M.I. Super. Ct. June 15, 1995). In the request, Felipe asserted that there was "no just reason to delay entry of the judgment in his favor" since the Superior Court already granted Felipe's summary judgment motion and appellant was served with a copy of this request. *Id.* This request was granted and the Superior Court entered a judgment declaring that "Plaintiff Jason Teregeyo will take nothing against Defendant Felipe Camacho and judgment and costs are entered in Felipe Camacho's favor." *Teregeyo v. Lizama*, Civ. Action No. 91-289 (Judgment) (N.M.I. Super. Ct. July 14, 1995). Teregeyo timely appealed.

## ANALYSIS

### I. The Rule 54(b) judgment was properly entered.

a. A Rule 54(b) judgment does not require a motion under Com. R. Civ. P. 7(b)(1).

¶7 Teregeyo argues that Felipe failed to comply with proper procedures in securing the July 14, 1995, judgment because a Rule 54(b) judgment requires a motion under

---

[1] Upon further examination of the record, this Court notes that since the filing of this appeal, damages as to Benedicto and David has been established pursuant to the Superior Court's decision rendered November 26, 1996. *Teregeyo v. Lizama*, Civ. Action No. 91-0289 (Decision and Order) (N.M.I. Super. Ct. Nov. 26, 1996 at 6).

Rule 7(b)(1). Because no motion was filed, no hearing was held on the application for a Rule 54(b) certification and without a hearing, Teregeyo argues he was denied procedural due process rights.

¶8 Felipe, on the other hand, contends that since Teregeyo was served with copies of the "Request for Entry of Judgment" filed June 15, 1995, he had ample time to file an objection to the document, or to make a request for a hearing. Since Teregeyo chose not to do so, Felipe notes that Teregeyo should not now be rewarded for this failure to object at an earlier date, when he had actual notice of the request for entry of judgment and chose not to object.

¶9 We begin our analysis by reviewing Com. R. Civ. P. 54(b) which, in pertinent part, reads:

> When more than one claim for relief is presented . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In *Ito v. Macro Energy, Inc.*, 2 N.M.I. 459 (1992), this Court has commented on the procedure for obtaining a Rule 54(b) certification:

> There is no procedure for obtaining a certificate prescribed in Rule 54(b). In most cases a party simply will file a motion requesting the court to make the determination and direction required by the rule. In an appropriate case, the [trial] court may consider the question sua sponte.

*Ito* at 465, citing Wright, Miller, & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D §2660, at 122. The *Ito* court went on to note that "[t]herefore, it does not matter who moved for certification so long as the requirements of the rule are met." *Id.*

¶10 ■ According to *Ito* and the FEDERAL PRACTICE AND PROCEDURE guidelines, "in most cases, a party simply will file a motion" requesting for a Rule 54(b) certification. *Ito* at 465, citing Wright at 122. The federal rules state "in most cases" but not in *all* cases, a party files a motion requesting a Rule 54(b) certification. Here, Felipe's entitled his moving papers as a "request" rather than as a motion. We decline to penalize appellee for his choice of words. We hold that when Felipe filed his "request" with notice and service of process to his opponent, this was sufficient to satisfy the conditions for a Rule 54(b) certification.

¶11 Further, this Court takes notice that, according to *Ito*, the Superior Court may consider entering a Rule 54(b) *sua sponte*, and that no motion or notice is required in order for the court to enter a Rule 54(b) certification. Here,

summary judgment had already been entered in Felipe's favor. For some reason, not apparent from the record, Felipe waited until June 15, 1995, to file his request to have the September 1, 1992, summary judgment motion certified. At oral argument, appellee informed us that he filed a Rule 54(b) motion after he received a notice of trial since he felt he should no larger remain a part of the proceedings. Because the issue of liability had already been decided in Felipe's favor, the request and judgment was proper.

**b. A Rule 54(b) judgment does not require the Superior Court to enunciate a brief, reasoned explanation as to why there is "no just cause for delay."**

¶12 Teregeyo cites *Ansam*, a second circuit decision, as persuasive authority. *Ansam Associates, Inc. v. Cola Petroleum Ltd.*, 760 F.2d 442 (2d Cir. 1985). The Appellant in *Ansam* makes a claim, similar to Teregeyo, that the district court improperly issued a Rule 54(b) certification by merely stating, "there being no just reason for delay, the Clerk is hereby directed to enter judgment . . ." without any reference to Rule 54(b). *Id.* at 445. In holding that the district court failed to provide a sufficiently detailed explanation for its certification, which renders a meaningful review of its determination infeasible, the *Ansam* court explained, "we have repeatedly stated that 'in making the "express determination" required under Rule 54(b), district courts should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation'." *Id.* at 445 (internal citations omitted). One of the primary reasons for requiring a "brief, reasoned explanation" is the desire to avoid "piecemeal appeals." *Id.*

¶13 Felipe urges this Court not to adopt the *Ansam* holding as that case is distinguishable from ours. While the order entered by the judge in *Ansam* failed to even mention Rule 54(b), the language employed is almost identical to the judgment at issue here.

¶14 It should also be noted, and appellant has not informed this Court, that the Court of Appeals of Tennessee in *Huntington* declined to follow the *Ansam* decision. *Huntington Nat. Bank v. Hooker*, 840 S.W.2d 916 (Tenn. Ct. App. 1991). The *Huntington* court compared its statute, Tenn.R.Civ.P 54.02, similar to our Com. R. Civ. P. 54(b), to the federal rules and noted that the federal circuits are not unanimous in holding that trial courts must articulate the reasons for determining "no just cause for delay" in entering a Rule 54(b) judgment. *Id.* at 922-3. The court went on to cite federal circuit cases as well as state courts, which declined to hold that a trial court must articulate its reasons for determining that there

is no just cause for delay.[2] Because of the split of authority, the *Huntington* court held that there is "no requirement in Tennessee that the trial court state the underlying reasons for certification . . . . We can think of no compelling reasons to adopt such a rule." *Id.* at 922. The Huntington court did, however, note that "it is a better practice for the trial court to provide a finding of fact showing the basis of its decision to grant the [Rule 54(b)] certification." *Id.*

¶15 We are not persuaded that the Superior Court must always articulate its reasons for "no just cause for delay." The record was clear that liability as to Felipe had already been determined by granting summary judgment in his favor. No other triable issues remained. While it may be a better practice to articulate the reasons for the "no just cause for delay" in situations where the record is unclear, it is not a requirement under Com. R. Civ. P. 54(b) and we can think of no compelling reason to adopt such a rule. Therefore, the Superior Court did not abuse its discretion when it entered the Rule 54(b) judgment.

---

[2] *Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 275 (2d Cir. 1968), the court held that there was no abuse of discretion in certifying final judgment by simply stating that there was "no just reason for delay." The court went on to state that "Rule 54(b) orders should not be entered routinely or as a courtesy to counsel and suggest that when such orders are granted, the trial court marshal the competing considerations and state the ones considered to be most important." *Id.*

In *Rothenberg v. Security Management Co. Inc.*, 617 F.2d 1149, 1150 (5th Cir.), *cert. denied*, 449 U.S. 954, 101 S.Ct. 359 (1980), the court held that to articulate the reasons for allowing a Rule 54(b) appeal was left to the discretion of the trial court and was not imposed as a requirement in all cases.

In *McKown v. Criser's Sales and Ser.*, 48 Md.App. 739, 430 A.2d 91 (1981), the court held that nothing in Maryland's Rule 605(a) [Maryland's version of Fed.R.Civ.P. 54(b)] required the trial court to articulate its reasons for holding that no just reason for delay existed and that final judgment should be entered.

In *Dattoli v. Hale Hosp.*, 400 Mass. 175, 508 N.E.2d 100 (1987), the court held that the trial court had not abused its discretion in ordering the entry of final judgment without articulating reasons to support the determination that there was no just reason for delay.

In *Union State Bank v. Woel*, 357 N.W.2d 234 (N.D. 1984), the court stated:

> Although we agree that it is the better practice for the trial court to provide a written statement showing the basis of its decision, we will not remand to the trial court for a statement of reasons if we can determine the basis of the court's decision to certify under Rule 54(b) from the record.

*Id.* At 238. The court went on to state that the basis of the trial court's ruling was apparent from the record but that the certification was defective because the record failed to show there was no just reason for delay. *Id.*

---

**II. Finality: The Rule 54(b) judgment entered July 14, 1995 is a final, appealable judgment.**

¶16 Teregeyo argues that the Superior Court's judgment is patently defective and not final because the trial court did not articulate the factual basis for finding "no just cause for delay." Because we find that the procedure followed by the Superior Court was proper and the granting of the motion for a Rule 54(b) judgment is correct, the judgment is final and appealable.

**CONCLUSION**

¶17 Based upon the foregoing reasons, we hereby **AFFIRM** the Superior Court's Rule 54(b) judgment dated July 14, 1995.