**Dean G. VANNEST, et al., Plaintiffs,**

v.

**SAGE, RUTTY & CO., INC., et al., Defendants.**

**No. 90–CV–1143L.**

United States District Court, W.D. New York.

June 17, 1998.

Linda H. Joseph, Joseph W. Allen, Jaeckle, Fleischmann & Mugal, Buffalo, NY, Edwin M. Larkin, Rochester, NY, for Plaintiffs.

Fred G. Aten, Jr., Rochester, NY, William E. Easton, Gullace & Easton, Rochester, NY, Michael A. Brady, Hagerty & Brady, Buffalo, NY, Donald M. Thompson, Rochester, NY, Vincent S. Tracy, Jr., Tracy, Scott, Davis & Gioia, Buffalo, NY, Robert G. Welch, Philadelphia, PA, for Defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

This securities laws case has been pending since 1990. In a Decision and Order dated March 31, 1997, this Court resolved several pending motions and cross-motions for summary judgment. By motion dated May 6, 1997, plaintiffs moved to certify the March 31st Decision and Order as a final judgment pursuant to Fed.R.Civ.P. 54(b). Because an additional motion for partial summary judgment by defendant Sage, Rutty was pending at that time, resolution of plaintiffs' certification motion was reserved pending resolution of that outstanding motion. *See* Order dated 7/9/97 (docket # 199). Sage, Rutty's outstanding motion was decided December 23, 1997 and, since that time the parties have been working with the Court toward a settlement of all claims.

At a conference held on May 27, 1998 it became clear to the Court that settlement is not imminent. Accordingly, a trial date was set for November 16, 1998 and the parties concurred that the Court now should revisit and resolve plaintiff's motion to certify.

I have considered the arguments in support of plaintiffs' motion to certify, as well as the opposition thereto, and I find, for the reasons stated below, that the motion is denied.

Rule 54(b) provides that "when more than one claim for relief is presented in an action … or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties … upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Thus, for entry of final order under Rule 54(b) there must be (1) multiple claims or multiple parties; (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided; and (3) the district court must make "an express determination that there is no just reason for delay". *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 16 (2d Cir.1997)(citing *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1091 (2d Cir.1992)).

Whether or not there is 'no just reason for delay' " ' is left to the sound judicial discretion of the district court' and 'is to be exercised in the interest of sound judicial administration.' " *Ginett, supra,* at 1092 (citations omitted).

"Generally, a district court may properly make a finding that there is 'no just reason for delay' only when 'there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.' " *Advanced Magnetics, Inc., supra,* at 16 (citations omitted). Such circumstances may exist where a plaintiff is awaiting a monetary award or where a lengthy and expensive trial can be avoided if "without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims." *Id.*

In general, due to the "historic federal policy against piecemeal appeals," a district court's power to enter final judgment under Rule 54(b) should be exercised "sparingly." *Id.* (citations omitted).

On the facts of this case, I find that certification would not serve the interests of sound judicial economy. There is no danger of hardship or injustice through delay that would be alleviated by an immediate appeal. An immediate appeal would not confirm or reverse a monetary award for plaintiffs. On the contrary, the plaintiffs seek to appeal immediately from an order that dismissed some claims against some defendants. However, many of these same claims remain as against other defendants. Indeed, an immediate appeal likely would serve to delay further the final resolution of all claims in this already protracted case.

Many plaintiffs are elderly. The primary reason cited by them for seeking certification is to avoid the burden and additional delay of a retrial should this Court's March 31, 1997 Decision and Order ultimately be reversed. However, it is well established that avoiding multiple trials is an insufficient reason to justify a Rule 54(b) certification. The possibility of a potential retrial exists in virtually every case where the district court dismisses some of the parties but proceeds to trial against others. *See Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir.1992). Permitting interlocutory appeals under Rule 54(b) based only upon the belief that "an immediate appeal might avoid the need for a retrial, ... could only contravene the federal policy against piecemeal appeals." *Id., see also McMahon v. ConAgra, Inc.*, 799 F.Supp. 320, 324 (W.D.N.Y.1992)("avoiding retrial is an improper basis for granting certification as a matter of law").

Moreover, in this case, permitting an immediate appeal would not expedite final resolution of all pending claims. A firm trial date has been set, in less than five months. If an immediate appeal were permitted, it is highly unlikely the United States Court of Appeals would render its decision prior to trial. Thus, to ensure the appeal is decided prior to trial, I would have to postpone the trial. This is something I am unwilling to do. This case has been pending for eight years. It has been protracted by multiple motions and cross-motions and extensive discovery. At this stage, the most expeditious plan of action is to try the case in November, thus resolving all pending claims finally after which time a single, omnibus appeal may be asserted by any party. Such an outcome will be more expeditious than permitting an interlocutory appeal of this single order and postponing the trial of the remaining claims in the case. It is time for final resolution of *all* claims.

Additionally, due to the advanced age of the case and the multiple prior interlocutory rulings, it makes much more sense to resolve all outstanding claims completely at the November trial. Then, if they so choose, plaintiffs may appeal *all* prior rulings against them in a single appeal. This makes far more sense than to present the Court of Appeals with issues raised only in the March 31, 1997 Decision and Order, and then possibly present additional issues at later time. Judicial efficiency requires that all such questions be presented at one time.

Conversely, if plaintiffs are successful at trial, this appeal likely would be mooted altogether. The possibility of such a result clearly compels me to deny plaintiffs' motion. *See Ginett, supra,* at 1095 (courts should "avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot our decision on the appealed claim or require us to decide issues twice"); *see also McMahon, supra,* at 324.

## CONCLUSION

For all the above reasons, I find that it would be contrary to the interest of sound judicial administration to permit immediate appeal of the March 31, 1997 Decision and Order. Plaintiffs' motion to certify (Dkt.# 189) is denied.

IT IS SO ORDERED.